# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH ALVIN ROYSTER,

                Petitioner,      :      Case No. 3:16-cv-059

    - vs -                             District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Correctional Institution,

                                              :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 23). Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 26).

Royster claims "[t]he Magistrate is evading the claims on the merits by recommending a procedural bar." (Objections, ECF No. 25, PageID 1106.) That is not accurate; the Report recommends a decision on the merits as to all three Grounds for Relief, with the exception of one sub-claim under Ground Three. But in general the Objections argue the Magistrate Judge is not "adjudicating" Mr. Royster's claims. In habeas corpus in general, federal courts are not at liberty to adjudicate claims afresh. Particularly when the state courts have decided a constitutional claim on the merits, habeas relief can be granted only if the state court decision is contrary to or an objectively unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133,

140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

**Ground One:  Insufficient Evidence**

In his First Ground for Relief, Royster challenges for lack of evidence his conviction for child endangering.  The Warden defended this Ground for Relief on the merits and the Report likewise made a merits determination (Report, ECF No. 23, PageID 1090-96).

Royster essentially argues that the state's expert witness' testimony as to the cause of the scarring on the victim's legs was speculative (Objections, ECF No. 25, PageID 1107).  The jury was presented with evidence from the victim that Royster beat her with a belt "when she got into trouble."  The expert witness testified to observing scarring on the right thigh which was consistent with being beaten with a belt.  Obviously the expert witness was not an eyewitness to the beatings.  But it would be the rare – indeed, virtually non-existent – case where a physician asked to testify about the causal connection between an injury and result of that injury would be an eyewitness to the infliction of the injury.  Assuming a proper foundation and form of question, the testimony Dr. Vavul-Roediger gave was proper and far from the only evidence supporting the child endangering conviction.  See *State v. Royster*, 2015-Ohio-3608, ¶ 30, 2015 Ohio App. LEXIS 3544  (2nd Dist. Sept. 4, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1429 (2015), quoted at Report, ECF No. 23, PageID 1093.

Royster also objects to the Report's observation that he is not the parent of J.J. (Objections, ECF No. 25, PageID 1108).  The reason for making that point is because Royster relied on a number of cases on direct appeal which suggest that the State must present "the

totality of the circumstances" surrounding the imposition of corporal punishment. Judge Donovan held those cases were only applicable to parents charged with domestic violence; they do not apply to non-parents and thus did not support Royster's claim that the State had presented insufficient evidence. See *State v. Royster (direct appeal), supra* at ¶ 31.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Royster asserts he received ineffective assistance of trial counsel when his trial lawyer failed to investigate his alibi defense. This claim was decided on the merits in the Ohio courts and also on the merits in the Report which concluded the Second District's decision was not an unreasonable application of the controlling federal case, *Strickland v. Washington,* 466 U.S. 668 (1984).

Royster objects that the Magistrate Judge is attempting to "side-step" this issue and has *sua sponte* raised a procedural bar (Objections, ECF No. 25, PageID 1109). Not so – the Report plainly recommends denying Ground Two on the merits (ECF No. 23, PageID 1100).

Royster did argue in his Traverse that his trial counsel was ineffective in failing to find additional ways to impeach the victim's credibility. The Report found this claim was never presented to the state courts and was not even a part of the Petition, holding "[n]ew claims cannot be raised for the first time in a traverse. And the claim is also barred by Royster's procedural default in failing to present it to the state courts." (ECF No. 23, PageID 1100.)

It is perfectly proper to raise a procedural default *sua sponte*. See *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of statute of limitations defense even after answer which did not raise it); *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Sowell v.*

3

*Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Even if waived by the State, a procedural default may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). In this case, basic fairness required raising the procedural bar because Royster raised this claim for the first time in his Traverse and the Rules Governing § 2254 Cases do not contemplate an opportunity for the State to respond.

Royster asserts he did present this claim in the state courts and refers to the Second District's opinion on post-conviction, *State v. Royster*, 2015-Ohio-625, 2015 Ohio App. LEXIS 598 (2nd Dist. Feb. 20, 2015). In addition to the failure to investigate alibi claim, Royster did make a claim in post-conviction that he received ineffective assistance of trial counsel when his attorney failed to present testimony from the victim's uncle, H.W., and the victim's seven-year-old brother, J.W. *Id.* at ¶¶ 25-30. That ineffective assistance of trial counsel claim was presented to the state courts and is not procedurally defaulted.

However, in his Traverse Royster did not present claims specifically related to possible testimony by H.W. or J.W. Instead, he complained that he was extradited on a false accusation that an incident of abuse occurred on or about J.J.'s birthday (ECF No. 18, PageID 1047). He does not discuss the failure to call H.W. or J.W. Nor was this supposed deficiency in counsel's performance mentioned in the Petition.

Insofar as the claim of ineffective assistance of trial counsel for failure to call H.W. or J.W. is preserved for merits review, the Magistrate Judge believes the Second District's opinion on that claim is not an unreasonable application of *Strickland*. Judge Wellbaum wrote:

4

*Failure to Call Witnesses*

[*P25]  Royster contends that his trial counsel was ineffective in failing to call the victim's uncle, H.W., and the victim's seven-year-old brother, J.W., as trial witnesses. In support of this claim, Royster stated in his affidavit that H.W. was willing to testify that the victim and her grandmother had fabricated the rape claims against him. Specifically, Royster's affidavit states that H.W. sent him a note while they were serving time together in jail stating that "he had seen evidence of [the victim] being brainwashed as to what to say by [the victim's grandmother]." Affidavit (Mar. 3, 2014), p. 1-2. Royster also averred that he advised his trial counsel about what H.W. had told him, and that counsel indicated he would contact H.W., but never did.

[*P26]  "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Citation omitted.) *State v. Hill*, 2d Dist. Greene No. 2004 CA 79, 2005-Ohio-3176, ¶ 13. A defendant must overcome the presumption that counsel is competent and must show that counsel's decisions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 688.

[*P27]  "'Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court.'" *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-7762, 890 N.E.2d 263, ¶ 222, quoting *State v. Treesh*, 90 Ohio St.3d 460, 490, 2001 Ohio 4, 739 N.E.2d 749 (2001). Moreover, "'attorneys need not pursue every conceivable avenue; they are entitled to be selective.'" *State v. Murphy*, 91 Ohio St.3d 516, 542, 2001 Ohio 112, 747 N.E.2d 765 (2001), quoting *U.S. v. Davenport*, 986 F.2d 1047, 1049 (7th Cir.1983). "Even unsuccessful tactical or strategic decisions will not constitute ineffective assistance of counsel." *State v. Williams*, 2d Dist. Montgomery No. 24548, 2012-Ohio-4179, ¶ 28, citing *State v. Carter*, 72 Ohio St.3d 545, 558, 1995 Ohio 104, 651 N.E.2d 965 (1995).

[*P28] In this case, Royster has not overcome the strong presumption that his trial counsel's failure to call H.W. and J.W. was anything other than sound trial strategy. The trial court reasonably concluded that the decision not to call H.W. as a witness could have been for purposes of not highlighting Royster's previous incarceration. The court also reasonably concluded that

5

> the decision not to call J.W. as a witness could have been due to the fact that the victim never claimed J.W. was present during the abuse, and also because J.W. eventually told authorities that Royster had physically abused him as well. Royster has also not demonstrated that the result of trial would have been different had H.W. and J.W. been called to testify.
>
> [*P29] The self-serving statements in Royster's affidavit regarding what H.W. would have allegedly testified to at trial lack credibility and are insufficient by themselves to demonstrate ineffective assistance. *See State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 17-19; *State v. Combs*, 2d Dist. Montgomery No. 25262, 2013-Ohio-620, ¶ 15 (self-serving declarations standing alone do not rise to the level of evidence required to establish a claim of ineffective assistance of counsel in a post-conviction proceeding). Royster has also not submitted any evidence as to what J.W.'s testimony would have been. Without such evidence, it is pure speculation to conclude that the result of Royster's trial would have been different had J.W. testified. *See State v. Hoover-Moore*, 10th Dist. Franklin No. 07AP-788, 2008-Ohio-2020, ¶ 20, citing *State v. Thorne*, 5th Dist. Stark No. 2003CA00388, 2004-Ohio-7055, ¶ 70. (Other citation omitted.)
>
> [*P30] For the foregoing reasons, Royster has not demonstrated that his counsel's failure to call H.W. and J.W. as witnesses constitutes ineffective assistance of counsel.

The Objections spend considerable time discussing *State v. Sellards,* 17 Ohio St. 3d 169 (1985). Royster asserts "as stated from day one, Petitioner has an alibi for part of the time frame within his indictment, in which *Sellards* states would unquestionably prejudice a defendant if taken to trial under those circumstances." (Objections, ECF No. 25, PageID 1109.)

As the Second District noted, Royster was indicted for committing the rape offenses on three occasions during the time period August 1, 2010, to April 30, 2011. *State v. Royster (post-conviction appeal), supra,* at ¶ 37. On post-conviction, he produced evidence sufficient to persuade the Court of Appeals that he was in Virginia (residing at the Carpenter's Shelter for the Homeless) from August 1, 2010, to October 12, 2010, but that left "a six month window of time in which the offenses could have occurred as alleged." *Id.*

6

If Royster is asserting that his attorney should have presented the alibi evidence for July 27-October12, 2010, and that failure to do so prejudiced him under *Sellards*, that is a misreading of *Sellards*. The Ohio Supreme Court held in that case that "the state must, in response to a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information." 17 Ohio St. 3d at 171. But Royster has produced no evidence that the State knew more specific dates.

If, on the other hand, Royster is alleging his counsel should have gathered alibi evidence in addition to what he presented in post-conviction, it is incumbent on him to produce that other alibi evidence. That there is some good alibi evidence for part of the period of time in the indictment does not prove that there must be good alibi evidence for all or even more of that period. To put it more simply, Royster cannot show his counsel performed deficiently by not gathering certain evidence without showing the courts what that evidence is. He never presented such evidence in post-conviction.

Royster cites the Court to *Hupp v. Brunsman*, Case No. 3:10-cv-413, where he says "Magistrate Merz correctly dissects *Sellards* at ¶ 7." The cited reference is reported at 2011 U.S. Dist. LEXIS 106528 (S.D. Ohio May 20, 2011). The quoted analysis of *Sellards* is not that of the undersigned, but of the Ohio Third District Court of Appeals, reported at *State v. Hupp*, 2009-Ohio-1912, 2009 Ohio App. LEXIS 1622 (Apr. 27, 2009). In Hupp there were seven different time frames for the alleged offenses. The bill of particulars did not narrow down those time frames, but gave notice of more specific alleged misconduct. The writ was denied.

Royster argues his case is just like Hupp's "except for the fact that Petitioner fits within the second *Sellards* principle, which illuminates his *Strickland* claim." As the Magistrate Judge reads the Objections, what Royster means by the "second *Sellards* principle" is that the State

7

would have been required to provide more specific dates if Royster's counsel had presented more alibi evidence.  But what evidence would that have been?  Royster does not prove there was any other alibi evidence besides what he presented in post-conviction.

Ground Two as pled is without merit.

**Ground Three:  Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Royster asserts that appellate counsel was ineffective for failing to raise the underlying ineffectiveness of trial counsel in eliciting certain testimony.  The Report noted that this claim had been made in Royster's Ohio App. R. 26(B) Application and rejected by the Second District on the theory that allowing the testimony could have been reasonable trial strategy to explain why J.J., the victim, had "sexual knowledge . . . beyond her tender years" other than having been raped by Royster (Decision, State Court Record, ECF No. 14, PageID 364).

Royster objects that "if appellate counsel was doing his job in reviewing the record, he would have saw [sic] the error that was obvious on the records . . ." (Objections, ECF No. 25, PageID 1112).  The difficulty with that argument is that a trial attorney's strategy is not obvious on the record.  Royster has not explained why Judge Wellbaum's theory of the trial attorney's behavior is mistaken.

In his Traverse, Royster expanded his argument on Ground Three by claiming his trial counsel provided ineffective assistance when he did not object to the prosecutor's violation of an order in limine regarding this other sexual conduct (Traverse, ECF No. 18, PageID 1051).  The Report found this claim was procedurally defaulted because it could have been raised on direct

appeal but was not (Report, ECF No. 23, PageID 1103).  Royster objects that this conclusion is "disturbing and ludacris [sic]."  (Objections, ECF No. 25, PageID 1113.)  That, he says, is because "[t]he whole idea of Appellate Rule 26(B) is to attack the fact that appellate counsel did not present these issues up to the Court of Appeals on direct appeal."  That is a correct understanding of the function of Ohio R. App. P. 26(B), but Royster does not respond to the Report's conclusion that he omitted this claim from his 26(B) Application.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again recommends that the Petition be DISMISSED WITH PREJUDICE.  Royster should be granted a certificate of appealability on Ground One, but because reasonable jurists would not disagree with the dismissal of Grounds Two and Three, Petitioner should be denied a certificate of appealability on those grounds.

July 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).