IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH ALVIN ROYSTER, :

    Petitioner,

    v. : Case No. 3:16-cv-59

CHARLOTTE JENKINS, Warden, : JUDGE WALTER H. RICE
Correctional Institution, : MAGISTRATE JUDGE MICHAEL R. MERZ

    Respondent. :

---

DECISION AND ENTRY ADOPTING DECISION AND ORDER OF MAGISTRATE JUDGE DENYING PETITIONER JOSEPH ALVIN ROYSTER'S MOTION TO EXPAND THE RECORD AND FOR EVIDENTIARY HEARING (DOC. #10), AND OVERRULING ROYSTER'S OBJECTIONS THERETO (DOC. #11); ADOPTING IN FULL THE INITIAL (DOC. #23) AND SUPPLEMENTAL (DOC. #27) REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE, OVERRULING ROYSTER'S OBJECTIONS THERETO (DOC. #25, 28); ROYSTER'S PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF *HABEAS CORPUS* BY A PERSON IN STATE CUSTODY (DOC. #2) IS DISMISSED WITH PREJUDICE; ROYSTER IS GRANTED CERTIFICATE OF APPEALABILITY FOR GROUND ONE, AS QUESTIONS PRESENTED PERMIT REASONABLE DEBATE AS TO WHETHER APPEAL IS VIABLE; ROYSTER IS DENIED CERTIFICATE OF APPEALABILITY FOR GROUNDS TWO AND THREE, AS ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND SHOULD NOT BE PERMITTED TO PROCEED *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT CHARLOTTE JENKINS, WARDEN, CORRECTIONAL INSTITUTION, AND AGAINST ROYSTER; TERMINATION ENTRY

---

Petitioner Joseph Alvin Royster ("Petitioner" or "Royster") filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody ("Petition"), claiming: insufficient evidence to support his conviction ("Ground One"); ineffective assistance of trial counsel ("Ground Two"); and ineffective assistance of appellate

counsel ("Ground Three"). Doc. #2. Royster subsequently filed motions to expand the record and for an evidentiary hearing with respect to his claim of ineffective assistance of trial counsel. Doc. #8-9. Pending before the Court, pursuant to Rule 72(a), are: Magistrate Judge Michael R. Merz's Decision and Order Denying Motions to Expand the Record and for Evidentiary Hearing ("Order"), Doc. #10; and Royster's Objections to the Order. Doc. #11. Pending before the Court, pursuant to Rule 72(b), are: the Magistrate Judge's July 14, 2016, Initial Report and Recommendations regarding Royster's Petition, Doc. #23; the Magistrate Judge's July 27, 2016, Supplemental Report and Recommendations, Doc. #27; and Royster's Initial and Supplemental Objections to said judicial filings. Doc. #25, 28.

Based upon the reasoning and citations set forth in the Order and in both Reports and Recommendations, as well as upon a thorough *de novo* review of Royster's filings and of the applicable law, this Court ADOPTS IN FULL the Order and Overrules Royster's Objections thereto. Further, the Court ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of the Magistrate Judge and OVERRULES Royster's Initial and Supplemental Objections thereto. Royster's Petition is DISMISSED WITH PREJUDICE. Royster is GRANTED a Certificate of Appealability as to Ground One and is DENIED same as to Grounds Two and Three.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about August 20, 2013, Royster was convicted in the Montgomery County, Ohio, Court of Common Pleas on two counts of Rape and one count of Endangering a Child, and was given a prison sentence of fifteen years to life. Doc. #2, PAGEID #20.

Royster undertook a direct appeal of his conviction, which Ohio's Second District Court of Appeals affirmed. *State v. Royster*, 2d Dist. Montgomery No. 25870, 2015-Ohio-3608 ("*Royster I*"). On March 3, 2014, Royster filed a petition for post-conviction relief; the trial court overruled that petition, a decision affirmed by the appellate court. *State v. Royster*, 2d Dist. Montgomery No. 26378, 2015-Ohio-625 ("*Royster II*"). On September 17, 2015, Royster moved to reopen his direct appeal to add a claim of ineffective assistance of appellate counsel, which the Court of Appeals denied. *Royster I* (unreported; copy at Doc. #14, PAGEID #359). Royster filed the instant Petition on February 18, 2016. Doc. #2, PAGEID #20.

On May 31, 2016, Royster filed a motion to expand the record to include a letter from a Mary-Parker Lamm ("Lamm"), Deputy Director of Carpenter's Shelter, a homeless shelter in Alexandra, Virginia, where Royster stayed during at least some of the time period in which the sexual misconduct occurred. Doc. #8. The same day, Royster filed a Petition for an Evidentiary Hearing regarding his trial counsel's alleged failure to investigate the time Royster spent living in Virginia, despite the record containing evidence to that effect. Doc. #9. Royster argued that, had trial counsel conducted such an investigation and presented the exculpatory evidence, the prosecutors would have been forced to narrow the timeframe during which Royster committed the misconduct vis-à-vis that which was contained in the Grand Jury Indictment. *Id.*, PAGEID #52 (citing *State v. Sellards*, 17 Ohio St. 3d 169, 478 N.E.2d 781 (1985)). On June 1, 2016, the Magistrate Judge issued the Order, denying both the motion and petition. Doc. #10. Royster objects only to the denial of the motion to expand the record. Doc. #11.

On July 14, 2016, after Royster's Petition was fully briefed, the Magistrate Judge issued the Initial Report and Recommendations, rejecting each of the Grounds for relief in the Petition and recommending "that the Petition be DISMISSED WITH PREJUDICE." Doc. #23, PAGEID #1104 (emphasis in original). The Magistrate Judge further recommended that Royster be granted a Certificate of Appealability as to Ground One, finding it "sufficiently novel in the questions it presents [as] to be debatable among reasonable jurists." *Id*. However, "[b]ecause reasonable jurists would not disagree with this conclusion [of dismissal with prejudice] as to Grounds Two and Three, Royster should be denied a [C]ertificate of [A]ppealability on those grounds." *Id*. Royster filed timely Objections as to all three Grounds, Doc. #25, and on July 25, 2016, the Court issued a Recommittal Order, asking the Magistrate Judge to analyze the Objections and issue a new report and recommendations based on that analysis. Doc. #26. On July 27, 2016, the Magistrate Judge issued a Supplemental Report and Recommendations, again recommending that the Petition be dismissed with prejudice as to all three Grounds, and that Royster be granted a Certificate of Appealability as to Ground One only. Doc. #27. Royster filed timely Objections to the Supplemental Report and Recommendations as to all three Grounds. Doc. #28.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2254

A prisoner may petition "for a writ of *habeas corpus* . . . pursuant to the judgment of State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition "shall not be granted with respect to any claim," such as Royster's, which:

4

> [W]as adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

28 U.S.C. § 2254(d). A *habeas corpus* petitioner must also satisfy additional procedural requirements, including but not limited to exhaustion of State court judicial remedies. 28 U.S.C. § 2254(b). The Court's review of facts adjudicated in a State court proceeding is sharply circumscribed; "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Rule 72(a)

As the Magistrate Judge's Order concerned a non-dispositive matter, the Court may modify or set aside only those portions of the decision that are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" if the "reviewing judge has a 'definite and firm conviction' that an error has been committed." *Dickinson v. Zurko*, 527 U.S. 150, 162, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A decision is "contrary to law" if the legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

C.     **Rule 72(b)**

The Magistrate Judge's Initial and Supplemental Reports and Recommendations addressed the merits of Royster's Petition; thus, the Court must conduct a *de novo* review of "any part of the [M]agistrate [J]udge's disposition that has been properly objected to. The [Court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3).

**III.    MOTION TO EXPAND RECORD**

In the Order, the Magistrate Judge noted that the letter from Lamb "was not before the Ohio courts when they decided his ineffective assistance of trial counsel claim on the merits." Doc. #10, PAGEID #64. As review of a "[S]tate court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to 'review of the [S]tate court record,'" *id.*, PAGEID #63 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011)), the Court could not consider the letter in reviewing Royster's Petition. *Id.*, PAGEID #64. In his Objections, Royster claims that, during his State court proceedings, he worked diligently to obtain an evidentiary hearing so as to get Lamb's letter admitted into evidence. Doc. #11, PAGEID #66. Moreover, Royster's defense would remain the same: that he was residing in Alexandria, Virginia, for at least some of the time period in which the sexual misconduct occurred. Thus, Royster argues, the Respondent, Charlotte Jenkins, Warden, Chillicothe Correctional Institution ("Warden"), would not be prejudiced by the inclusion of the letter. *Id.* (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 6167, 88 L.Ed.2d 598 (1986)).

Royster misinterprets *Vasquez*, in which the Court held that "Rule 7(b)[1] <u>permits</u> a federal district court in a *habeas* proceeding to expand the existing record." *Vasquez*, 474 U.S. at 258 (emphasis added). *Vasquez* does not <u>compel</u> this Court to expand the record, even assuming that Royster took the proper steps to obtain an evidentiary hearing. Accordingly, the Magistrate Judge's decision not to expand the record was not "clearly erroneous," and the Court affirms the Order.

## IV. PETITION FOR WRIT OF *HABEAS CORPUS*

Royster raises three grounds for relief in his petition. In <u>Ground One</u>, insufficient evidence to support a conviction, Royster alleges that the State of Ohio ("State") "failed to prove the elements of Corporal Punishment [one of the elements of Endangering a Child, Ohio Revised Code § 2919.22]. [The] State failed to provide the jury with facts and circumstances to determine whether Petitioner created a substantial risk of physical harm." Doc. #23, PAGEID #1088 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ohio Rev. Code §2919.22(B)(3)). In <u>Ground Two</u>, ineffective assistance of trial counsel, Royster claims that, had trial counsel diligently prepared, he would have uncovered facts showing that Royster "had an alibi for part of the time frame within the indictment. Counsel's negligence caused counsel not to present facts that were [exculpatory] to Petitioner[]." *Id*. In <u>Ground Three</u>, ineffective assistance of appellate counsel, Royster claims that his appellate attorney fell below the standard of care "for failing to raise the underlying ineffectiveness of trial counsel in

---

[1] "Rule 7(b)" references the Rules Governing Section 2254 Cases in the United States District Courts.

7

eliciting certain testimony." *Id.*, PAGEID #1100; *see also id.*, PAGEID #1089. The Court addresses Royster's Grounds for relief in turn.

### A. Ground One

Royster's argument that there was insufficient evidence to support his conviction centers on whether the State failed to prove the facts and circumstances surrounding his alleged abuse of his girlfriend's minor daughter, J.J., beyond a reasonable doubt, and thus, that the State had not proven all sub-elements of Corporal Punishment (an element of Endangering a Child, Ohio Rev. Code § 2919.22(B)(3), as charged against Royster) beyond a reasonable doubt. Doc. #23, PAGEID #1094. "Without the facts and circumstances, [Royster] asserts, the jury could not 'properly decide if Petitioner created a substantial risk of serious physical harm.'" *Id.* (quoting Doc. #18, PAGEID #1041). Specifically, Royster argues that the jury improperly convicted him based on their conclusion that he had struck J.J. with both his belt and his belt buckle, even though J.J. had only testified regarding being struck by the belt, and that the welts as a result of the beating were not permanent. Further, he claims, "there were no details of where or when the incident[s] occurred, no discussion of whether non-[C]orporal [P]unishment methods had failed in the past, . . . and no pictures of the scars were presented to the jury." *Id.*, PAGEID #1094-95 (quoting Doc. #18, PAGEID #1042; citing Doc. #14-1, PAGEID #640, 659). Thus, Royster argues, the evidence presented by the State could not have supported a conviction on the charge of Endangering a Child. Doc. #18, PAGEID #1041-42.

A Court reviewing a *habeas corpus* petition that challenges the sufficiency of the evidence supporting a conviction must give substantial deference to the findings of the

8

State courts. Specifically, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, <u>any rational trier of fact</u> could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis in original) (citing *Jackson*, 443 U.S. at 319). Moreover, even if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on *habeas* review, we must still defer to the [S]tate appellate court's sufficiency determination as long as it is not unreasonable." *Id.* (citing 28 U.S.C. § 2254(d)(2)).

Royster has not met this heavy burden. As the Magistrate Judge noted, there was expert testimony presented that, although the welts suffered by J.J. from being beaten by the belt were not permanent, J.J. did suffer "scars on the right leg consistent with a severe beating (*i.e.*, severe enough to leave permanent scarring)." Doc. #23, PAGEID #1095. Also, J.J. testified that she was reluctant to wear dresses due to the scarring, which was consistent with the expert's finding that the beatings by Royster had left J.J. with permanent scars. *Id.* Further, J.J. had informed the State's expert witness, in a separate conversation, that Royster had beaten her with a belt buckle; the expert repeated that statement to the jury. *Id.* Taken together, "[t]he jury was free to conclude that discipline of this severity by a mother's boyfriend was excessive." *Id.* There is enough evidence for a reasonable trier of fact to conclude that the State had proven all sub-elements of Corporal Punishment—and thus, Endangering a Child—beyond a reasonable doubt. Thus, the Court need not analyze the Second District's sufficiency determination, and Royster's Petition is overruled as to Ground One.

### B. Ground Two

Royster claims that the trial counsel's failure to introduce into evidence documentation supporting his above-described alibi defense constituted ineffective assistance of counsel. Doc. #18, PAGEID #1044 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The Second District rejected that argument, noting that, even if the evidence had been admitted and construed in the manner urged by Royster, "[w]hile he established an alibi between July 16, 2010[,] and October 12, 2010[,] there is still a six month window of time in which the offenses could have occurred as alleged. . . . Therefore, we agree with the trial court's finding that the homeless shelter evidence is immaterial to the outcome." *Royster II*, 2015-Ohio-625 at ¶ 37. Applying the *Strickland* test for ineffective assistance—(1) representation that fell below the professional standard; and (2) prejudice resulting from said representation—the Second District found that "Royster's claim that his trial counsel was ineffective in failing to investigate his alibi has no merit." *Id.* at ¶ 38 (citations omitted).

In his Traverse, Royster claims that the Second District erred by using an outcome-determinative test for ineffective assistance, rather than determining whether trial counsel's failure to investigate his alibi necessarily rendered the proceeding unfair or [the outcome *i.e.*, conviction)] unreliable." Doc. #18, PAGEID #1045 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). However, as the Magistrate Judge correctly notes in the Initial Report and Recommendations, *Lockhart* did not overrule or modify *Strickland*. Doc. #23, PAGEID #1098 (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)) ("the Virginia Supreme Court erred in holding that our decision in *Lockhart* . . . modified or in some way supplanted the rule set down in *Strickland*."). Thus, "[i]f a *habeas* petitioner cannot

10

satisfy the outcome determinative test, *a fortiori* (at least per *Lockhart*)[,] he cannot satisfy the unfair or unreliable trial test." *Id.*, PAGEID #1098-99. Accordingly, the Second District's application of U.S. Supreme Court precedent was proper, and is not grounds for *habeas corpus* relief.

In his Traverse, Royster argues that the alibi evidence, had it been introduced, might have forced the State to amend the indictment or produce to him a Bill of Particulars that included specific dates on which the alleged rapes took place, versus the more general time frame of August 1, 2010, through April 30, 2011. Doc. #23, PAGEID #1099 (quoting Doc. #18, PAGEID #1044-45); *see also Royster II*, 2015-Ohio-625 at ¶ 37 (listing time frame set forth in the indictment and used by the State during trial). Royster argues that the failure of the trial court and Second District to examine this argument in light of *State v. Sellards*, in which the Supreme Court of Ohio held that the State may be required to produce more specificity regarding the times and dates of alleged offenses via a Bill of Particulars, if the State possessed such information, rendered his trial unfair and the conviction unreliable. Doc. #18, PAGEID #1045 (citing *Sellards*, 17 Ohio St. 3d 169, 478 N.E.2d 781 (1985)). The trial court in *Royster II* [2] noted that this argument was available to Royster on direct appeal (*i.e.*, *Royster I*), yet he failed to raise it. Accordingly, the *Royster II* trial court concluded that the argument was precluded under *res judicata*. Doc. #14, PAGEID #219. The *Royster II* trial court's decision was consistent with longstanding Ohio precedent with respect to collateral attacks on a criminal conviction:

---

[2] Any reference to "*Royster II*" refers to Royster's post-conviction petition in State court discussed above, and any proceedings thereon.

11

> Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St. 2d 175, 180, 226 N.E.2d 104 (1967).

In the Initial Report and Recommendations, the Magistrate Judge concluded that, under *Sellards*, the State was under no obligation to produce a Bill of Particulars in this case, because it had no more knowledge than Royster of the dates and times the offenses took place. Doc. #23, PAGEID #1099. Further, the Magistrate Judge noted, "Ohio's criminal *res judicata* doctrine is an adequate and independent [S]tate ground of decision which bars merits *habeas* consideration of claims thus barred in the Ohio courts." *Id.*, PAGEID #1099-1100 (citing *Perry*, 10 Ohio St. 2d 175). In his Initial Objections, Royster claims that "[f]rom day one, Petitioner has stated to the State Courts[] that he had an alibi for part of the time frame and that *Sellards* applied to his case." Doc. #25, PAGEID #1109. Further, Royster argues that the alibi evidence was necessary for him to challenge the veracity of the facts alleged in the indictment, an argument which, Royster claims, was presented in his appeal in *Royster I*, but never ruled upon by the Second District. *Id.*, PAGEID #1110-11. Finally, Royster claims, the failure of the trial court in *Royster II* "to look at whether the affidavits [regarding his alibi] would have compelled the prosecution to produce a specific date" or dates on which the alleged offenses took place constituted reversible error under *Strickland*, as "assert[ion of] an alibi defense . . . would have been fatal to the prosecution." *Id.*, PAGEID #1112 (citing *Lockhart v. Fretwell*, 506 U.S. at 369; *Fautenberry v. Mitchell*, 515 F.3d 614, 644 (6th Cir. 2008) (Moore, J., dissenting)).

12

In the Supplemental Report and Recommendations, the Magistrate Judge correctly notes that "[i]t is perfectly proper" for a District Court "to raise a procedural default *sua sponte*." Doc. #27, PAGEID #1118-19 (citing *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013); *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005)). Royster never argued in State court that his trial counsel erred by failing to present the alibi evidence as a means of attacking the victim's credibility. Indeed, the argument "was not even a part of the Petition"; rather, he raised it for the first time in his Traverse. *Id.*, PAGEID #1118. As the State never had opportunity to respond to this argument, the Magistrate Judge was correct in concluding that it was procedurally defaulted. *Id.*, PAGEID #1119.

As to trial counsel's alleged error in failing to call the victim's uncle, H.W., and brother, J.W., the Court agrees with Magistrate Judge's conclusion that the application of *Strickland* in *Royster II* was proper. Doc. #27, PAGEID #1119. Specifically, the Second District noted that trial "counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *Royster II*, 2015-Ohio-625, ¶ 27 (quoting *State v. Were*, 118 Ohio St. 3d 448, 2008-Ohio-7762, 890 N.E.2d 263, ¶ 222). Moreover, under Ohio law, there is a strong presumption that such tactical decisions cannot form the basis of an ineffective assistance of counsel claim. *Id.* (citations omitted). As the Court could infer from the record defensible reasons for Royster's trial counsel not calling H.W. and J.W., and Royster had not designated evidence sufficient to show how the outcome would have been different had they testified, *id.*, ¶¶ 28-29, the Second District concluded that

13

"Royster ha[d] not demonstrated that his counsel's failure to call H.W. and J.W. as witnesses constitutes ineffective assistance of counsel." *Id.*, ¶ 30. In his Supplemental Objections, Royster raises no specific objection to the Magistrate Judge's adoption of the Second District's opinion. Royster has presented no evidence to rebut the strong presumption that trial counsel's decisions not to call H.W. and J.W. as witnesses were sound exercises of discretion. Therefore, trial counsel was not ineffective, and Royster's Objection as to Ground Two is overruled on the merits.

Finally, as to the alleged failure by the State to provide a Bill of Particulars, the Magistrate Judge notes, correctly, that even under the most friendly reading of *Sellards*, the State was only required to set forth a specific date on which the offense allegedly took place if the State was in possession of such information. Doc. #27, PAGEID #1122 (quoting *Sellards*, 17 Ohio St. 3d at 171). Royster has produced no evidence that the State knew of more specific dates than the nine-month time frame set forth in the indictment. Thus, the State was under no obligation, even if confronted with evidence of Royster's alibi—for three months in the middle of the indictment's nine month timeframe—to amend the indictment or provide a Bill of Particulars. *Id.*, PAGEID #1123.

In light of the above, Court adopts the Magistrate Judge's recommendation that Ground Two be overruled, and overrules Royster's Initial and Supplemental Objections to the Magistrate Judge's recommendation

### C. Ground Three

Despite Royster styling his third ground for relief as ineffective assistance of appellate counsel, under "Supporting Facts," he writes that "[c]ounsel failed to object to

14

testimony that was inflammatory and unfairly prejudicial to Petitioner," Doc. #2, PAGEID #27, presumably referring to trial counsel. Further, Royster's Traverse focuses on trial counsel's failure to object to the introduction of the victim's past sexual activity, Doc. #18, PAGEID #1049-53, and concludes by stating that "for <u>trial</u> counsel to sit idle [*sic*] as the prosecution tainted the trial with testimony that was unfairly prejudicial violated Petitioner's right to trial and deemed counsel ineffective." *Id*., PAGEID #1053 (emphasis added). Thus, Royster's only claim as to appellate counsel appears to be that they were "ineffective for failing to raise the underlying ineffectiveness of trial counsel in eliciting certain testimony[,]" Doc. #23, PAGEID #1100, or, conversely, seeking to exclude certain testimony. The testimony at issue was that of the victim, J.J.'s, therapist, who testified as to what J.J. told him about an instance in which she was the victim of sexual assault by a non-party. Doc. #14, PAGEID #364.

 The trial court in *Royster II* considered and rejected Royster's claim of ineffective assistance of appellate counsel, Doc. #23, PAGEID #1100-01 (citing Doc. #14, PAGEID #364), and Royster, in his Petition and Traverse, makes no mention of any specific action or inaction by his appellate counsel that constituted ineffective assistance. To evaluate Royster's "claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." Doc. #23, PAGEID #1101-02 (citing *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011); *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)).

 "The appellate attorney need not advance any argument, regardless of merit, urged by the appellant," Doc. #23, PAGEID #1102 (citing *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), and failing to raise an issue on

appeal constitutes ineffective assistance of counsel only "if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.*, PAGEID #1103. "In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). "Thus, unless trial counsel's failure to object to certain testimony is "a 'dead-bang winner,' . . . obvious from the trial record and which would have resulted in a reversal on appeal," Doc. #23, PAGEID #1102 (citations omitted), appellate counsel's failing to raise that issue cannot be the basis for *habeas corpus* relief.

Royster has not demonstrated the above, for several reasons. <u>First</u>, deciding whether to object to testimony is just one of the myriad discretionary decisions that counsel must make during the course of a trial; such discretionary decisions are considered *prima facie* reasonable. Further, as explained in the Supplemental Report and Recommendations, the trial attorney's motivations in not objecting to the testimony are not apparent from the trial record. Doc. #27, PAGEID #1123. Thus, the Court cannot conclude from the record that trial counsel committed clear error in failing to object to the testimony. <u>Second</u>, the trial court in *Royster II* noted that:

> There was evidence adduced at trial that J.J.'s sexual knowledge was beyond her tender years, and appellate counsel may have concluded that it was a matter of reasonable trial strategy for defense counsel to elicit evidence regarding the incidents of abuse involving the young boys as an alternative source of J.J.'s sexual knowledge, since Royster denied abusing J.J.

Doc. #14, PAGEID #364. Thus, The Second District's conclusion that allowing the testimony could have been part of a reasonable trial strategy—providing the jury with an

16

explanation of the victim's sexual knowledge that did not implicate the Defendant, *id*.—was not unreasonable, and Royster has presented no evidence rebutting that conclusion.

Third, Royster's citation of *Byrd v. Trombley*, in which the Sixth Circuit held that failing to object to inadmissible evidence, even if part of trial strategy, may still form the basis of an ineffective assistance claim, Doc. #28, PAGEID #1131 (citing No. 08-2319, 352 F. App'x 6, 10-13 (6th Cir. 2009)), is inaccurate and inapposite. In *Byrd*, trial counsel himself introduced the otherwise inadmissible evidence of the petitioner's prior conviction. Counsel "admitted . . . that raising the conviction himself was an 'oversight' and not part of a trial strategy." *Id*. at 10 (emphasis added). Royster's trial counsel has made no such admission in this case. Moreover, the Sixth Circuit upheld the grant of *habeas corpus* relief because "there [wa]s a reasonable probability that, but for counsel's introduction and failure to challenge the admissibility of Byrd's forgery conviction, the jury would have found Byrd not guilty." *Id*. at 12. In contrast, there is nothing before the Court suggesting that, but for the admission of the above testimony, Royster would have been acquitted.

Finally, Royster's arguments that his trial counsel "provided ineffective assistance when he did not object to the prosecutor's violation of an order *in limine* regarding this other sexual conduct," and that appellate counsel was ineffective in failing to raise that issue on appeal, Doc. #23, PAGEID #1103 (citing Doc. #18, PAGEID #1051), were available to him during State court proceedings, yet he did not raise the issue prior to his Traverse. Doc. #18, PAGEID #1051. Royster's failure to raise the argument in State court means that it is procedurally defaulted, and may not form the basis of

17

*habeas corpus* relief. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013)). However, even assuming *arguendo* that Royster's argument "is not a new claim, but simply a point supporting Petitioner's original claim," Doc. #25, PAGEID #1113, the argument still fails on its merits. For the reasons set forth above, trial counsel's failure to object to the introduction of the testimony, and appellate counsel's failure to raise that issue on appeal, were not errors sufficient to grant *habeas corpus* relief. The fact that there may have been an order *in limine* precluding such testimony, which the prosecutor allegedly violated, does not transform Royster's claim into a "dead-bang winner" that would have resulted in reversal of his conviction. Accordingly, Royster's Ground Three for *habeas corpus* relief is without merit.

## V. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Order of Magistrate Judge Michael R. Merz Denying Motions to Expand the Record and for Evidentiary Hearing, Doc. #10, and OVERRULES Royster's Objections thereto. Doc. #11. The Court ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of the Magistrate Judge, Doc. #23, 27, and OVERRULES Royster's Objections thereto. Doc. #25, 28. Royster's Petition, Doc. #2, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of the Warden and against Royster. As no reasonable jurist would find that Royster "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he shall be denied a Certificate of Appealability as to Grounds Two and Three. This Court shall certify to the United States Court of Appeals for the

Sixth Circuit that any appeal on those grounds would be objectively frivolous and, therefore, Royster should not be permitted to proceed *in forma pauperis*. However, as to Ground One, the Court notes, as the Magistrate Judge does, that there appears to exist a split of State court authority as to whether somewhat similar factual circumstances would constitute Corporal Punishment under Ohio Rev. Code § 2919.22(B)(3), and, thus, meet the elements of Endangering a Child. Doc. #23, PAGEID #1096 (citing *State v. Ivey*, 98 Ohio App. 3d 249, 648 N.E.2d 519 (8th Dist. 1994)). Therefore, the Court agrees with the Magistrate Judge's conclusion that "Ground One is sufficiently novel in the questions it presents to be debatable among reasonable jurists," *id.*, PAGEID #1104, and Royster shall be granted a Certificate of Appealability should he decide to appeal this Court's decision as to Ground One.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 17, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE