# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH ALVIN ROYSTER,

             Petitioner,       :      Case No. 3:16-cv-059

  - vs -                              District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Correctional Institution,

                               :

            Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objection (ECF No. 40) to the Magistrate Judge's Decision and Order (ECF No. 39) Deferring Consideration of Petitioner's Motion for Relief from Judgment (ECF No. 38). Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 41).

The judgment from which relief is sought was entered February 17, 2017 (ECF Nos. 32, 33). Petitioner timely appealed to the Sixth Circuit (ECF No. 34) which has the certificate of appealability to the issues certified by this Court, granted leave to appeal *in forma pauperis,* and appointed counsel (ECF Nos. 36, 37).

The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P. 60(a) or Rule 36 of the Federal Rules

of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46.

The general rule used to mean that a district court had no jurisdiction to consider a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>   (1) defer considering the motion;
>
>   (2) deny the motion; or
>
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

In the Order objected to, the undersigned chose Option 1 (to defer) "[b]ecause of the complexities of Petitioner's claims in the Motion" and because the appellate "decision may moot the Motion altogether or give this Court guidance on the issues involved in the Motion." (Order, ECF No. 39, PageID 1178). Petitioner declines to accept that ruling because he says the appellate decision will not moot the motion for relief from judgment or give this Court guidance on that motion because the Sixth Circuit refused to expand the certificate of appealability (Objections, ECF No. 40, PageID 1180).

Having reconsidered the matter in light of the Objections, the Magistrate Judge WITHDRAWS the Decision and Order Deferring Consideration and will proceed to consideration of the merits of the motion for relief from judgment.

Fed. R. Civ. P. 60 provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A motion for relief from judgment, being by definition a post-judgment motion, requires a report and recommendations for an assigned Magistrate Judge, pursuant to Fed. R. Civ. P. 72(b)(3).

Mr. Royster correctly notes that, because his motion attacks the correctness of the District Court's judgment, rather than raising a new claim directed to the state court conviction, it is not barred by the second-or-successive application rule of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 533-36 (2005). This Court may therefore proceed to consider the Motion without prior approval from the circuit court. Compare *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

Petitioner brings the instant motion pursuant to Rule 60(b)(6), asserting his request for relief from judgment "involves extraordinary circumstances." (ECF No. 38, PageID 1173.) The Court will therefore apply the standards applicable to that subsection of Fed. R. Civ. P. 60.

Royster claims the judgment in this case should be vacated under Fed. R. Civ. P. 60(b)(6) because of "the District Court's failure to fully review and reach the merits and critical aspects of his ineffective assistance of [trial] counsel and appellate counsel claims." (Motion, ECF No. 38, PageID 1168.) This is true, he says, because "the District Court never addressed the fact that Royster was extradited on false allegations, which should have been investigated and brought to the attention of the jury for credibility purposes of attacking the victim." *Id.* According to the Motion, the District Court never addressed this claim because the Magistrate Judge "improperly recommend[ed] a procedural bar," *Id.* at PageID 1169. He gives no record reference to where that procedural bar is supposedly improperly recommended. In both the original Report and the Supplemental Report on recommittal, the Magistrate Judge recommended dismissal of all three grounds for relief on the merits, except for finding that a sub-claim of ineffective assistance of appellate counsel was procedurally defaulted because it had not been included in Royster's Application for Reopening under Ohio R. App. P. 26(B)(Supplemental Report, ECF No. 27, PageID 1124).

Royster asserts that this raising of a procedural default *sua sponte* violated *Day v. McDonough*, 547 U.S. 198 (2006). (ECF No. 38, PageID 1169.) *Day* held a district court could dismiss a habeas corpus petition *sua sponte* on statute of limitations grounds even if the answer in the case fails to raise that defense. The Sixth Circuit has repeatedly held a procedural default may be raised *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case); *White v. Mitchell*, 431 F.3d 517, 514

4

(6th Cir. 2005)(capital case); *Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Procedural default may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). Even if waived by the State, it may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

Moreover, if it was error to raise the procedural default *sua sponte*, Royster never complained of that in his Objections to the Supplemental Report (ECF No. 28). As required by circuit precedent, Royster was advised in the Supplemental Report that failure to raise an objection at that point would forfeit the objection on appeal. Nonetheless, he did not object. The failure to file specific objections is a waiver of right to raise issues on appeal. *Alspugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Thomas v. Arn*, 474 U.S. 140 (1985).

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

As noted above, Royster also asserts the District Court's judgment is in error because it never reached the merits of his claim of ineffective assistance of trial counsel for failure to assert

5

he was extradited on false allegations (Motion, ECF No. 38, PageID 1169-70). In the Supplemental Report, the Magistrate Judge recommended denial of "Ground Two [ineffective assistance of trial counsel] as pled on the merits." (ECF No. 27, PageID 1123). It is correct that the Magistrate Judge found that particular sub-claim of ineffective assistance of trial counsel procedurally barred "because Royster raised this claim for the first time in his Traverse and the Rules Governing § 2254 Cases do not contemplate an opportunity for the State to respond." *Id.* at PageID 1119. In objecting to the Supplemental Report, Royster did not object to that particular ruling (See ECF No. 28). Once a habeas petition is filed, a petitioner who wants to add new issues must obtain leave of court to do so. 28 U.S.C. § 2242, incorporating by reference Fed. R. Civ. P. 15. Pleading ineffective assistance of trial counsel in a general way does not advise the State of the allegations against which it must defend. The rule for liberal construction of pro se pleadings do not require a habeas court to speculate about ways in which the trial attorney might have performed deficiently. *See Haines v. Kerner,* 404 U.S. 519 (1972)(stating that allegations pleaded by a pro se petitioner are held "to less stringent standards than formal pleadings drafted by lawyers").

In sum, the Motion for Relief from Judgment does not point to any error in this Court's judgment of failing to reach the merits of any claim properly preserved or pleaded for consideration on the merits. For that reason, the Motion for Relief should be denied.

There is another reason for denying relief. When this Court entered final judgment, it granted Mr. Royster a certificate of appealability on Ground One but denied it on Grounds Two and Three (Decision, ECF No. 32, PageID 1153). Under 28 U.S.C. § 2244(b), a habeas petitioner denied a certificate of appealability may apply for such a certificate from the circuit court of appeals. Mr. Royster did so and the Sixth Circuit denied expansion of the certificate to

include Grounds Two and Three, applying the same standard the statute requires this Court to apply, to wit, whether reasonable jurists would disagree with the District Court's conclusion. *Royster v. Warden*, Case No. 17-3205 (6th Cir. Sep. 29, 2017)(unreported; copy at ECF No. 36). Denial of a certificate of appealability becomes the law of the case, binding in subsequent stages of the litigation. *Dillingham v. Jenkins*, Case No. 17-3813 (6th Cir. Nov. 8, 2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017). Thus it is the law of this case that reasonable jurists would not disagree with this Court's disposition of Grounds Two and Three. For that reason as well, the Motion for Relief from Judgment should be denied.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion for Relief from Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 25, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).