# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH ALVIN ROYSTER,

            Petitioner,    :    Case No. 3:16-cv-059

  - vs -                           District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Correctional Institution,

                                     :

           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objection (ECF No. 47) to the Magistrate Judge's Report and Recommendations (ECF No. 42) recommending denial of Royster's Motion for Relief from Judgment (ECF No. 38).

The judgment from which relief is sought was entered February 17, 2017 (ECF Nos. 32, 33). Petitioner timely appealed to the Sixth Circuit (ECF No. 34). That court has acknowledged the certificate of appealability issued by this Court on the sufficiency of the evidence issue, but declined to expand that certificate. *Royster v. Warden,* Case No. 17-3205 (6th Cir. Sept. 29, 2017(unreported; copy at ECF No. 36). It has also granted leave to appeal *in forma pauperis,* and appointed counsel *Id.*

The Report notes that a Notice of Appeal deprives a District Court of jurisdiction to decide any further matters in the case except as authorized by Fed. R. Civ. P. 62.1 which provides:

1

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Magistrate Judge previously chose to defer deciding the Motion for Relief "[b]ecause of the complexities of Petitioner's claims in the Motion" and because the appellate "decision may moot the Motion altogether or give this Court guidance on the issues involved in the Motion." (Order, ECF No. 39, PageID 1178). Royster objected because he said the appellate decision would not moot the motion for relief from judgment or give this Court guidance on that motion because the Sixth Circuit refused to expand the certificate of appealability (Objections, ECF No. 40, PageID 1180). Judge Rice recommitted the matter (ECF No. 41) and the Magistrate Judge filed the Report now objected to (ECF No. 42). Royster has again objected (ECF No. 47) and Judge Rice has again recommitted the matter (ECF No. 48).

Royster filed his motion under Fed. R. Civ. P. 60(b)(6), asserting his request for relief from judgment "involves extraordinary circumstances." (ECF No. 38, PageID 1173.) The Court will therefore apply the standards applicable to that subsection of Fed. R. Civ. P. 60.

Royster claims the judgment in this case should be vacated under Fed. R. Civ. P. 60(b)(6) because of "the District Court's failure to fully review and reach the merits and critical aspects of his ineffective assistance of [trial] counsel and appellate counsel claims." (Motion, ECF No. 38, PageID 1168.) This is true, he says, because "the District Court never addressed the fact that Royster was extradited on false allegations, which should have been investigated and brought to

2

the attention of the jury for credibility purposes of attacking the victim." *Id.* According to the Motion, the District Court never addressed this claim because the Magistrate Judge "improperly recommend[ed] a procedural bar," *Id.* at PageID 1169. Royster gave no record reference to where that procedural bar is supposedly improperly recommended. In both the original Report and the Supplemental Report on the merits, the Magistrate Judge recommended dismissal of all three grounds for relief on the merits, except for finding that a sub-claim of ineffective assistance of appellate counsel was procedurally defaulted because it had not been included in Royster's Application for Reopening under Ohio R. App. P. 26(B)(Supplemental Report, ECF No. 27, PageID 1124).

The critical passage which Royster says embodies the Magistrate Judge's "attempts to evade aspects of Royster's claims" appears in the Report on the merits where the Magistrate Judge wrote:

> In a substantial portion of his Traverse, Royster argues his trial counsel was ineffective in another way, to wit, by not investigating additional ways of impeaching the victim's credibility (Traverse, ECF No. 18, PageID 1047-49). This claim was not presented to the Second District on appeal from denial of the post-conviction petition and is also not made in the Petition in this Court. New claims cannot be raised for the first time in a traverse. And the claim is also barred by Royster's procedural default in failing to present it to the state courts.
>
> Ground Two for Relief is without merit.

(ECF No. 23, PageID 1100, the page cited five times in the current Objections.)

Royster objects that this claim was presented to the Second District Court of Appeals and cites to PageID 169 and 170. These are not pages from any presentation to the Second District, but rather pages from Royster's Petition for Post-Conviction Relief (State Court Record, ECF No. 14, Exhibit 9). Those pages in the Post-Conviction Petition say nothing about impeaching

3

the victim with a prior statement she allegedly gave. Instead, they criticize trial counsel for not calling the victim's brother and uncle to the stand to testify about other matters.

As the original Report notes, Royster's Second Ground for Relief was that he received ineffective assistance of trial counsel when his trial lawyer failed to investigate his alibi defense (Report, ECF No. 23, PageID 1088, quoting Petition, ECF No. 1). It does not include an assertion that trial counsel failed to investigate whether the victim had falsely alleged one of the acts of abuse occurred on July 27, 2010. Thus the Report accurately stated that this claim was not made in the Petition, but only raised in the Traverse. In his Objections, Royster raises arguments about his alibi, not an impeaching statement allegedly made by the victim (ECF No. 25, PageID 1108-09.)

Judge Rice adopted the Report and the Supplemental Report addressing Ground Two at length and without adverting to any claim that trial counsel failed adequately to investigate the victim's alleged prior inconsistent statement (Decision and Entry, ECF No. 32). After appealing, Royster attempted to get the Sixth Circuit to expand the certificate of appealability, not to include this new claim about the victim's statement, but to discover the facts supporting his alibi at having lived in a homeless shelter in Virginia from July 16, 2010, to October 12, 2010. *Royster v. Warden*, Case No. 17-3205 (6th Cir. Sept. 29, 2017)(unreported; copy at ECF No. 36, PageID 1162). Even at that stage he was not arguing that this Court's Decision on Ground Two was in error in the way he now asserts.

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the

district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Royster has not established the extraordinary circumstances needed to grant relief under Fed. R. Civ. P. 60(b)(6). The Magistrate Judge against respectfully recommends the Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may

respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).